■ OLIN MATHIESON CHEMICAL CORPORATION, Appellant, v. LINDEMANN PHARMACY, INC., Respondent.— Order unanimously affirmed, without costs to either party. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ OLIN MATHIESON CHEMICAL CORPORATION, Appellant, v. LINDEMANN PHARMACY, INC., Respondent.— Order of December 18, 1958 unanimously reversed, on the law and on the facts, with $20 costs and disbursements to plaintiff-appellant, and the motion to punish defendant-respondent for contempt is granted, and the defendant-respondent is found guilty of contempt and fined the sum of $250. A further sum of $250 is assessed against defendant-respondent as a reasonable attorneys' fee in connection with the appeal from the order of December 18, 1958. We have two appeals from the denial of two separate motions to punish defendant-respondent for contempt for failure to obey an injunction order issued pursuant to section 369-a of the General Business Law. The order of August 14, 1958 denied the first application to hold defendant-respondent in contempt. In so doing, Special Term said " defendant is warned that it must not flout the order of this Court ". We

have held that the decision of Special Term with respect to the order of August 14, 1958 was an appropriate exercise of discretion in the circumstances of this case and it will not be disturbed. Despite this admonition and within a few days after the publication of the order aforesaid, defendant-respondent permitted its employees to make four separate sales of the plaintiff-appellant's products at prices less than the minimum fair-trade price. Defendant-respondent admits one sale but ascribes it to an "honest mistake" on the part of its clerk. Special Term in its memorandum decision on which the order of December 18, 1958 was based said "there is no proof * * * that the defendant willfully disobeyed the injunctive order." With this disposition we do not agree. The series of incidents described in the moving papers in support of the second application indicate a willful and deliberate flouting of the court's order after the previous warning contained in the order of August 14, 1958. Settle order on notice. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.